IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Frasier, | ) | Case No. 4:21-cv-00031-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling, Dr. J. Alden, Associate | ) | |
| Warden A. Washington, Associate | ) | |
| Warden Bailey, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On March 23, 2021, the Magistrate Judge issued a Report recommending that this action be summarily dismissed because it is clear from the face of the amended complaint that Plaintiff failed to exhaust his administrative remedies prior to filing suit. ECF No. 27. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 29.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

The Magistrate Judge recommends summary dismissal of this action because, in the amended complaint, Plaintiff states that the "grievance is still pending."  ECF No. 27 at 2 (citing ECF No. 23 at 16).  In his objections, Plaintiff states that he "did indeed follow and pursue the necessary and required process of the inmate administrative grievance policy" and that he "has exhausted all administrative remedies required by Plaintiff before filing this civil action."  ECF No. 29 at 1–2.  The Court acknowledges that throughout his objections Plaintiff makes various other statements indicating that he may not have exhausted his administrative remedies.[1]  *See id.* ("As of March 31st 2021 Plaintiff has

---

[1] Liberally construed, Plaintiff may also advance an argument that he was prevented from exhausting his administrative remedies.

2

refiled and re-contacted the grievance coordinator with regards to Plaintiff's pending response from a previously filed grievance."). However, at this procedural posture, the Court cannot conclusively state that Plaintiff has failed to exhaust his administrative remedies.[2] *See Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017) ([A] prisoner's complaint may be dismissed for non-exhaustion in the rare cases where failure to exhaust is apparent from the fact of the complaint." (internal quotation omitted)).

## CONCLUSION

Therefore, the Court respectfully declines to adopt the recommendation of the Magistrate Judge upon consideration of the additional allegations in Plaintiff's objections. This matter is recommitted to the Magistrate Judge for further evaluation.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 20, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Nothing in this Order should be construed as a finding that Plaintiff properly exhausted his administrative remedies. The Court merely finds that additional information is necessary to make this determination in light of Plaintiff's statements in his objections.