IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Frasier, | ) | Case No. 4:21-cv-00031-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling, Dr. J. Alden, Associate | ) | |
| Warden A. Washington, Associate | ) | |
| Warden Bailey, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On June 10, 2021, the Magistrate Judge issued a Report recommending that Defendants Bryan Stirling, Associate Warden A. Washington, and Associate Warden Bailey be dismissed from this action with prejudice and without issuance of service of process.[1] ECF No. 45. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 48.

---

[1]Service of process was authorized as to Defendant Dr. J. Alden by separate order.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

The Magistrate Judge recommends dismissal of Defendants Stirling, Washington, and Bailey because Plaintiff has failed to allege any facts demonstrating their personal involvement in the deprivation of his civil rights. Upon de novo review of the record, applicable law, Report, and objections, the Court agrees that Defendants Stirling, Washington, and Bailey are entitled to summary dismissal.

Because there is no doctrine of respondeat superior in § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions

2

that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)

(setting forth elements necessary to establish supervisory liability under § 1983).   A

plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory

liability:

> (1) that the supervisor had actual or constructive knowledge
> that his subordinate was engaged in conduct that posed "a
> pervasive and unreasonable risk" of constitutional injury to
> citizens like the plaintiff; (2) that the supervisor's response to
> that knowledge was so inadequate as to show "deliberate
> indifference to or tacit authorization of the alleged offensive
> practices[]"; and (3) that there was an "affirmative causal link"
> between the supervisor's inaction and the particular
> constitutional injury suffered by the plaintiff.

*Id.* (citations omitted); *see also Jones v. Corr. Care Solutions*, No. 0:09-cv-269, 2010 WL

2639788, at *2 (D.S.C. June 7, 2010) (noting that, under *Ashcroft v. Iqbal*, 556 U.S. 662

(2009), supervisory liability may no longer be a viable § 1983 claim).   Here, Plaintiff has

alleged no "causal connection" between the conduct alleged by the plaintiff and

Defendants Stirling, Washington, and Bailey beyond conclusory statements that they are

"culpable" and "had knowledge and forethought."  *See Kentucky v. Graham*, 473 U.S.159,

166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371–72 (1976) (a § 1983 plaintiff must show

that he suffered a specific injury resulting from a specific defendant's specific conduct and

must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*,

550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, the Plaintiff

must show that the defendant named acted personally in the deprivation of the plaintiff's

rights); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.").

The Court notes that Plaintiff specifically objected to the Magistrate Judge's recitation of facts.  The Magistrate Judge stated that Plaintiff waited in "the infirmary for two days." ECF No. 45 at 2.  Plaintiff objects and states that he was waiting for two hours. ECF No. 48 at 1–2.  Upon review of the amended complaint, the Court agrees that Plaintiff alleged he was waiting for two hours.  *See* ECF No. 23 at 9.  While it does not affect the outcome of this order, the Court declines to adopt this portion of the recitation of facts by the Magistrate Judge.

## CONCLUSION

Therefore, upon de novo review of the record, applicable law, and Report, the Court adopts the recommendation of the Magistrate Judge except as stated above. Defendants Stirling, Washington, and Bailey are **DISMISSED** with prejudice.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 2, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

---

[2] The dismissal is with prejudice as Plaintiff has previously been afforded an opportunity to amend the complaint.  *See Workman v. Morrison*, 724 F. App'x 263 (4th Cir. June 4, 2018) (Table).

4

5

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.