IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Frasier, | ) | Case No. 4:21-cv-00031-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. J. Alden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On June 10, 2021, the Magistrate Judge issued a Report recommending that Defendants Bryan Stirling, Associate Warden A. Washington, and Associate Warden Bailey be dismissed from this action with prejudice and without issuance of service of process. ECF No. 45. The undersigned adopted the Report. ECF No. 55. The only remaining Defendant is Dr. J. Alden. On June 6, 2021, the Magistrate Judge authorized service of process for Dr. Alden. ECF No. 44.

On April 5, 2022, the Magistrate Judge recommended that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve Dr. Alden. ECF No. 55. The Magistrate Judge advised Plaintiff of the procedures

and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 57.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

Plaintiff, a state prisoner proceeding pro se, has paid the full filing fee. ECF Nos. 8, 15. In the order authorizing service of process as to Dr. Alden, Plaintiff was specifically informed that service of process under Rule 4(m) was his responsibility. ECF No. 44. Plaintiff was further informed that failure to serve Dr. Alden within 90 days would result in dismissal of this action without prejudice. *Id.* The Magistrate Judge also told Plaintiff the following:

> Rule 4(c)(3) of the Federal Rules of Civil procedure provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." <u>Such order of service is within the court's discretion when Plaintiff is not proceeding *in forma pauperis* and must be requested by Plaintiff</u>. *See also Johnson v. Master foods USA*, 2011 WL 1750884, *2 (E.D.N.C. May 6, 2011). Plaintiff also has the option to forward the service documents and Amended Complaint to the United States Marshals Service. **The United States Marshals Service (USMS) is authorized by law (28 U.S.C. 1921) to charge fees for the service of process. The amount of fees charged is established by regulation (28 C.F.R. 0.114). The USMS may request advance payment of the estimated fees and expenses for service of process.** *See* "INSTRUCTIONS FOR SERVICE OF PROCESS BY U.S. MARSHAL." Again, service is Plaintiff's responsibility.

*Id.*

Service was due by September 8, 2021. *See* ECF No. 46. There is no indication that service of process has been accomplished.

The Federal Rules of Civil Procedure provide that if a defendant is not served within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Conversely, the Court "must" extend the time for service if the plaintiff shows good cause for the failure. *Id*. "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Where service is delayed by external factors, such as the defendant's evasion of service, good cause may generally be found. *Id*.

3

In his objections, Plaintiff gives a variety of reasons for his delay that he argues constitute good cause. ECF No. 57. He states that he "submitted Defendant in this case with the necessary complaint" and that "upon arrival of this Notice, Defendant will . . . have received their required documents." *Id.*

Out of an abundance of caution for a pro se Plaintiff, the Court finds that good cause exists to extend the time for service under Rule 4(m).[1] The Court understands Plaintiff's objections to assert that he has now complied with Rule 4(m). Accordingly, the Court extends the time for service of process pursuant to Rule 4(m) to May 2, 2022. Plaintiff is directed to submit proof of service pursuant to Rule 4 within 21 days. Fed. R. Civ. P. 4(l)(1) ("**Affidavit Required.** Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

## **CONCLUSION**

Therefore, upon de novo review of the record, applicable law, and Report, the Court respectfully declines to adopt the recommendation of the Magistrate Judge in light of Plaintiff's assertion that he has now served Dr. Alden. Plaintiff is directed to submit proof of service pursuant to Rule 4(l)(1) within 21 days. Failure to provide proof of service may result in dismissal of this action without prejudice.

IT IS SO ORDERED.

---

[1] The undersigned's finding of good cause is limited to the specific facts alleged by Plaintiff and it should not be assumed that good cause will be automatically found again to further extend the time to serve Dr. Alden.

                                                               s/ Donald C. Coggins, Jr.
                                                               United States District Judge

May 2, 2022
Spartanburg, South Carolina